By the Court, Bronson, J.
There was but one plea, though, for the purpose of covering the whole declaration, it consisted of two branches. I think it was sufficient to verify the truth of the plea without adding an affidavit of merits. The first rule of May, 1840, requires a more pointed affidavit where the plea calls for an answer, and so tends to delay, than where it concludes to the country. Here the main branch of the plea concludes with a verification, and the defendant has therefore sworn to its truth. The affidavit goes to the whole plea, and was a sufficient compliance with the rule.
But I think the defendant had no right to amend as of course under the twenty-third rule. The case may come within the letter, but it is not within the spirit of the rule. That only applies to cases in the ordinary course of pleading. Here the defendant was allowed, as a special favor, to withdraw his plea after the cause was at issue and ready for trial, and to put in a new plea. And he was restricted to ten days for the purpose of avoiding any more delay than was absolutely necessary. By first pleading a defective plea, and then amending as a matter of course at any time within twenty days, the terms which the court imposed are in effect defeated. When the defendant gets leave to plead as a matter of favor, he must take care to plead right. If he finds it necessary to amend, he must ask leave of the court. But on the facts disclosed in the papers the defendant may be relieved on terms.
Ordered accordingly.